CT Corporation

**Service of Process Transmittal**
09/27/2021
CT Log Number 540307510

TO:     Serviceof Process
        CVS Health Companies
        1 CVS DR MAIL CODE 1160
        WOONSOCKET, RI 02895-6146

RE:     **Process Served in Florida**

FOR:    Holiday CVS, L.L.C.  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ALICIA BRAESE // To: Holiday CVS, L.L.C. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # None Specified |
| **NATURE OF ACTION:** | Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/27/2021 at 11:31 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/27/2021, Expected Purge Date: 10/02/2021 |
| | Image SOP |
| | Email Notification,  Serviceof Process  service_of_process@cvs.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The Information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Composite Exhibit 1



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Mon, Sep 27, 2021

**Server Name:**             JAIME CELY

Entity Served                HOLIDAY CVS, L.L.C.

Case Number                  2021-950-CA

Jurisdiction                 FL



IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR MARTIN
COUNTY, FLORIDA

CASE NO.: 2021-950-CA

ALICIA BRAESE

      Plaintiff,

vs.

HOLIDAY CVS, L.L.C., (dba CVS
Pharmacy, Inc.)

      Defendant.

_____/

## S U M M O N S

THE STATE OF FLORIDA:

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

      YOU ARE HEREBY COMMANDED to serve this summons, a copy of the complaint in the above-styled cause upon the defendant:

HOLIDAY CVS, L.L.C., (dba CVS Pharmacy, Inc.)
c/o Registered Agent
C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

      Each defendant is hereby required to serve written defenses to said complaint on plaintiffs' attorney, whose name and address is:

Chad Hastings, Esquire
c/o Lesser, Lesser, Landy & Smith, PLLC
101 Northpoint Parkway
West Palm Beach, FL 33407
(561) 655-2028
Primary E-mail: chastings@lesserlawfirm.com

Secondary E-Mail: dholloway@lesserlawfirm.com
Attorneys for Plaintiff

within 20 days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

WITNESS my hand and the seal of said Court on ___SEPTEMBER 21___, 20 _21_ .

CAROLYN TIMMANN
CLERK OF THE CIRCUIT COURT

BY: _____
As Deputy Clerk

(Court Seal)

13450

If you are a person seeking, or are required to enter a courthouse facility please be aware of the following health/safety protocols:

Occupants of all Nineteenth Judicial Circuit courthouse facilities, whether vaccinated or unvaccinated, are recommended and encouraged to utilize face masks while in all areas of the facility.  If you would like to wear a face mask but are not in possession of one, a face mask will be provided to you at no cost.  Upon entry notify security, or the judge or presiding officer of the court you are attending, that you request a face mask and one will be provided to you at no cost.

## Florida Rules of Judicial Administration Rule 2.540 Notices to Persons With Disabilities

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Lisa DiLucente-Jaramillo, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Lisa DiLucente-Jaramillo, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Lisa DiLucente-Jaramillo, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER, MARTIN, OKEECHOBEE, AND ST. LUCIE COUNTIES
STATE OF FLORIDA

## ADMINISTRATIVE ORDER 2021-05

RE:   **CIVIL CASE MANAGEMENT AND RESOLUTION**

WHEREAS the Florida Supreme Court, in AOSC20-23, Amendment 12, has directed chief judges to maximize the resolution of cases; and

WHEREAS the chief judge must issue an administrative order applicable to each county within the Nineteenth Judicial Circuit that takes effect on April 30, 2021; and

WHEREAS the administrative order must require the presiding judge for each civil case to actively manage civil cases as specified by the Florida Supreme Court in AOSC20-23, Amendment 12;

THEREFORE, pursuant to the direction of the Florida Supreme Court and the authority of the chief judge under section 43.26, Florida Statutes, and Florida Rule of General Practice and Judicial Administration 2.215, it is hereby

ORDERED as follows:

I.     **Direction to Maximize the Resolution of Cases**

    A.   In accord with Section III.G. of AOSC20-23, Amendment 12, all judges of the Nineteenth Judicial Circuit are hereby directed to strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown.

    B.   Additionally, all attorneys practicing within the Nineteenth Judicial Circuit are directed to strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and that

1

the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case.

## II.   Applicability

For purposes of the Administrative Order and in accord with AOSC20-23, Amendment 12, "civil case" means actions to which the Florida Rules of Civil Procedure apply, as identified in Florida Rule of Civil Procedure 1.010, and actions in which the court has ordered that the action proceed under one or more of the Florida Rules of Civil Procedure pursuant to Florida Small Claims Rule 7.020(c) if the deadline for the trial date specified in Florida Small Claims Rule 7.090(d) no longer applies in the action, but does not include actions subject to section 51.011, Florida Statutes, post-judgment proceedings, and writs to which Florida Rule of Civil Procedure 1.630 applies.

## III.   Review and Determination of Case: Complex, Streamlined, or General

The presiding judge shall actively manage all civil cases and cause the cases to be identified and designated as complex, streamlined or general.

A. Complex cases are actions that have been or may be designated by court order as complex under Florida Rule of Civil Procedure 1.201.   Upon such designation, the action shall proceed  as provided in the rule.

B. Unless otherwise determined by the presiding judge,  streamlined civil cases are uncontested cases, cases not entitled to jury trial, or  cases where a jury trial is not demanded.   However, all civil cases within the County Court jurisdiction shall  be designated as streamlined cases unless otherwise determined by the presiding judge.

C. General cases are all other civil cases.

## IV.   The Case Management Order in Streamlined and General Cases

A. For each streamlined or general civil case, the Circuit and County Courts shall utilize a case management plan and order which shall include, at a minimum:

1. Deadlines for service of complaints, service under extensions, and adding new parties;

2. Deadlines to complete fact and expert discovery;

3. Deadlines for all objections to pleadings and pretrial motions to be resolved;

2

4. Deadline for mediation to have occurred;

5. Projected date of trial;

6. Indicate that deadlines will be strictly enforced by the court; and

7. Indicate that a firm trial date will be ordered by the presiding judge when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440, Setting Action for Trial.

For cases filed before April 30, 2021, the case management order must include the projected trial date and the deadlines listed above if the event has not already occurred or has not already been specified by a separate court order.

B. Issuance of Case Management Order

1. The party initiating the civil action shall serve a case management plan and order[1] with the summons and complaint.  Template case management plans and orders for service on defendants and other forms shall be made available on the Clerks of Court websites and the webpages of individual judges.  The case management plan and order must be submitted to the judge by the plaintiff for final approval no later than thirty days after the last defendant is served with the complaint.

2. If the case is subject to dismissal for 1) lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e) or 2) failure to appear at a case management conference pursuant to Florida Rule of Civil Procedure 1.200(a)&(c), then a case management order must be issued within 30 days after the Court determining that the case should remain pending.

3. If the case is subject to a statutory stay or a moratorium that prevents prosecution of the case, then a case management order shall be issued:

a. Cases filed on or after April 30, 2021: Within 45 days after the stay or the moratorium ends or within 30 days after service of the complaint on the last of all named defendants (whichever date is later); or

---

[1] A sample case management plan is attached to this Administrative Order as Attachment A.  Each judge may adopt it or use it to create their own individualized order.

   b.   Cases filed before April 30, 2021: By December 3, 2021, within 45 days after the stay or the moratorium ends or within 30 days after service of the complaint on the last of all named defendants (whichever date is later).

4. If the case is not subject to a statutory stay or a moratorium, then a case management order shall be issued:

   a.   Cases filed on or after April 30, 2021: Within 30 days after service of complaint on the last of all named defendants; or

   b.   Cases filed before April 30, 2021: By December 3, 2021.

C. Maximum Deadline Periods for Streamlined Cases

Unless otherwise ordered upon good cause having been shown, the following deadline periods apply to streamlined cases:

1. Deadlines for service of complaints, service under extensions, and adding new parties:  Service within 120 days of filing of the complaint unless an extension is granted, which extension shall not exceed 240 days from the date of filing of the complaint;

2. Deadlines to complete fact and expert discovery:  Within 270 days after the complaint is filed;

3. Deadlines for all objections to pleadings and pretrial motions to be resolved: Within 45 days after filing and prior to the pretrial conference;

4. Deadline for mediation to have occurred:  Within 270 days after the complaint is filed; and

5. Projected date of trial:  Within 12 months of filing of complaint.

D. Maximum Deadline Periods for General Cases

Unless otherwise ordered upon good cause having been shown, the following deadline periods apply to general cases:

1. Deadlines for service of complaints, service under extensions, and adding new parties:  Service within 120 days of filing of the complaint unless an

4

extension is granted, which extension shall not exceed 240 days from the date of filing of the complaint;

2. Deadlines to complete fact and expert discovery:  Within 450 days after the complaint is filed;

3. Deadlines for all objections to pleadings and pretrial motions to be resolved: Within 45 days after filing and prior to the pretrial conference;

4. Deadline for mediation to have occurred:  Within 450 days after the complaint is filed; and

6. Projected date of trial:  Within 18 months of filing of the complaint.

## V.    Effective Date

This Administrative Order shall be effective April 30, 2021.

DONE AND ORDERED this 23th day of April 2021 at Stuart in Martin County, Florida.

LAWRENCE MIRMAN
CHIEF JUDGE

**ATTACHMENT A**

☐ IN THE COUNTY COURT IN AND FOR _____. COUNTY, FLORIDA

☐ IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR _____. COUNTY, FLORIDA

CASE NUMBER:

(Name)
Plaintiff,

v.

(Name)
Defendant.
_____/

**CIVIL CASE MANAGEMENT PLAN AND ORDER**

**TO BE SUBMITTED TO THE COURT FOR APPROVAL WITHIN 30 DAYS AFTER
DATE OF SERVICE ON THE LAST NAMED DEFENDANT**

Pursuant to Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B)
and Florida Rule of Civil Procedure 1.440, the parties hereby submit the following Case
Management Plan to the Court for approval.

I.  **Case Track Assignment** (check one): Case disposition times for all case tracks
have been established in accordance with the Florida Rules of General Practice
and Judicial Administration 2.250(a)(1)(B).

      ☐  <u>Streamlined Track</u> (Case resolved within 12 months without a jury trial or
within jurisdiction of County Court.)

      ☐  <u>General Track</u> (Case resolved within 18 months with or without a jury
trial.)

      ☐  <u>Complex Track</u> (Case resolved pursuant to Florida Rule of Civil
Procedure 1.201, with or without a jury trial).

6

## II.    Case Events and Deadlines

| Event | Maximum Deadline | | Agreed Dates |
|---|---|---|---|
| | **Streamlined** | **General** | |
| Service of complaints; under extensions; adding parties | Service within 120 days of filing of the complaint unless an extension is granted, which extension shall not exceed 240 days from the date of filing of the complaint | Service within 120 days of filing of the complaint unless an extension is granted, which extension shall not exceed 240 days from the date of filing of the complaint | |
| Fact and expert discovery complete | Within 270 days after complaint is filed | Within 450 days after complaint is filed | |
| Resolution of all objections to pleadings, pretrial motions | Within 45 days after filing and prior to the pretrial conference | Within 45 days after filing and prior to the pretrial conference | |
| Mediation occurred | within 270 days after the complaint is filed | within 450 days after the complaint is filed | |
| (Other events specified by judge) | | | |
| | | | |
| | | | |
| | | | |
| Projected Date of Trial (A firm trial date shall be ordered by the presiding judge when the case is at issue.  Fla. R. Civ. P. 1.440.) | | | |

## III.    Trial Information

| | |
|---|---|
| Estimated Length of Trial (specify number of trial days) | |
| Identification of Jury or Non-Jury Trial | |

**The schedule of deadlines herein will be strictly adhered to by the parties unless change is otherwise agreed to by the parties and approved by the court.** The court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency nature or unavailability.  However, once the Civil Case Management Plan has been approved by the court, procrastination in completing discovery or the unavailability of counsel will not constitute good cause for a change to these deadlines. **The failure to abide by these**

7

deadlines may result in sanctions by the court, including the award of attorney's fees, the striking of pleadings and/or a dismissal of the action.

IV.    **Signature of Counsel or Unrepresented Parties**

_____         _____
Plaintiff's Counsel                                          Defendant's Counsel

Address                                                         Address

Phone                                                          Phone

_____         _____
Plaintiff (if unrepresented by counsel)           Defendant (if unrepresented by counsel)

Address                                                         Address

Phone                                                          Phone

## ORDER APPROVING CASE MANAGEMENT PLAN

THE COURT having reviewed the preceding Case Management Plan and finding it to be satisfactory, it is hereby

ORDERED that the Case Management Plan is approved and all parties shall abide by the terms herein.

DONE AND ORDERED in _____ County, Florida on _____ , 2021.

_____
CIRCUIT/COUNTY JUDGE

(Any attachments such as E-docket call form)

Service list: Per Clerk of Court E-Portal Service List

8

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINETEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MARTIN</u>  COUNTY, FLORIDA

<u>ALICIA BRAESE</u>
Plaintiff

Case #  <u>432021CA000950CAAXMX</u>

Judge  _____

vs.

<u>HOLIDAY CVS LLC dba CVS PHARMACY INC</u>
Defendant

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

## III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Chad C. Hastings</u>         Fla. Bar # <u>606561</u>
      Attorney or party                    (Bar # if attorney)

<u>Chad C. Hastings</u>               <u>09/21/2021</u>
  (type or print name)              Date

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR MARTIN
COUNTY, FLORIDA

CASE NO.: 432021CA000950CAAXMX

ALICIA BRAESE

       Plaintiff,

vs.

HOLIDAY CVS, L.L.C., (*dba* CVS
PHARMACY, INC.)

       Defendant(s).

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, ALICIA BRAESE by and through her undersigned attorney,

files this Complaint and sues Defendant, HOLIDAY CVS, L.L.C., (*dba* CVS PHARMACY,

INC,) (hereafter "CVS"), and alleges:

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

1.     This is an action for damages in excess of THIRTY THOUSAND DOLLARS

($30,000.00), exclusive of costs and interests.

2.     At all times material hereto, Plaintiff, ALICIA BRAESE, has been a resident of

Martin County, Florida.

3.     At all times material hereto, Defendant, CVS, is a Florida profit corporation that

was doing business in Martin County, Florida.

4.     Defendant CVS operated a CVS pharmacy and retail store which was located at

2284 SE Federal Highway, in Stuart, Florida (hereinafter referred to as the "Premises").

5.      To the Plaintiffs knowledge and belief CVS was a franchise which was operated and managed by CVS Pharmacy, Inc., the national pharmacy retail store operation.

6.      Based on the Plaintiff's knowledge and belief, the subject CVS was required to follow the national CVS Pharmacy, Inc. risk management, maintenance and retail operation polices, procedures and training protocols.

7.      On October 1, 2019, ALICIA BRAESE was a business invitee at CVS where she was purchasing retail merchandise.  On said date, a CVS employee negligently crashed a tall merchandise stocking cart into ALCIIA BRASE causing her severe injuries.

8.      Jurisdiction and venue are proper with this Court as the incident occurred in Martin County, Florida.

### COUNT I:  NEGLIGENCE AGAINST HOLDAY CVS, LLC

Paragraphs 1 – 8 are hereby re-alleged and incorporated as though fully set forth herein.

9.      As the owner and occupier of the CVS, the Defendant, CVS, owed the Plaintiff, ALICIA BRAESE the following duties:

a.      Maintain the premises in a reasonably safe condition;

b.      Take reasonable efforts to keep the premises free from hidden and concealed dangers that might foreseeably give rise to loss, injury or damages;

c.      Correct dangerous conditions;

d.      Warn of the dangerous conditions;

e.      Train employees to ensure they are not harming invitees by using stocking carts during regular business hours with invitees present;

2

f.      Use stocking carts that do not obstruct the view of employees restocking CVS shelves when invitees are present;

g.      Follow CVS and CVS Pharmacy, Inc. protocols for store safety;

h.      Follow CVS and CVS Pharmacy, Inc.. protocols for risk management;

i.      Follow CVS and CVS Pharmacy, Inc.. protocols for stocking shelves during regular business hours with invitees in the store; and

j.      Utilize and employ reasonable care when faced with all of the facts and circumstances aforementioned.

10.    Defendant, CVS, breached the aforementioned duties of care owed to the Plaintiff, including, but not limited to, failing to do the following:

a.      Maintain the premises in a reasonably safe condition;

b.      Take reasonable efforts to keep the premises free from hidden and concealed dangers that might foreseeably give rise to loss, injury or damages;

c.      Correct dangerous conditions;

d.      Warn of the dangerous conditions;

e.      Train employees to ensure they are not harming invitees by using stocking carts during regular business hours with invitees present;

f.      Use stocking carts that do not obstruct the view of employees restocking CVS shelves when invitees are present;

g.      Follow CVS and CVS Pharmacy, Inc. protocols for store safety;

h.      Follow CVS and CVS Pharmacy, Inc.. protocols for risk management; and

        i.     Follow CVS and CVS Pharmacy, Inc.. protocols for stocking shelves during regular business hours with invitees in the store.

        j.     Failing to prohibit customer use of the subject area where stocking carts were being moved by employees in an aisle;

        k.     Failing to keep the area free from hazards that would harm the Plaintiff;

        l.     Utilize and employ reasonable care when faced with all of the facts and circumstances aforementioned.

11.     Defendant knew of the negligent condition or it existed long enough so the Defendant should have discovered it in the exercise of due care.

12.     Alternatively, Defendant created the negligent condition; and the negligent condition created a foreseeable zone of risk posing a threat of harm to the Plaintiff.

13.     Defendant trained, had dominion over and was responsible for the actions and inactions of its employees. Defendant is vicariously liable for the actions and in actions of its employees, which have been described herein.

14.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past, loss of ability to earn money in the future, and aggravation or activation of a previously existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability.

WHEREFORE, the Plaintiff, ALICIA BRAESE demands judgment for damages against the Defendant, CVS, in an amount which is in excess of thirty thousand dollars ($30,000.00), interest and costs of the action.

## DEMAND FOR JURY TRIAL

Plaintiff, ALICIA BRAESE, as a matter of right, demands a trial by jury on all issues so triable.

Dated on this 21st day of September 2021.

> LESSER, LESSER, LANDY & SMITH, PLLC
> Attorneys for Plaintiff
> 101 Northpoint Parkway
> West Palm Beach, FL  33407
> Telephone: (561) 655-2028
> Facsimile: (561) 655-2033
>
> /s/CHAD HASTINGS
> CHAD HASTINGS, Esquire
> FL Bar No.:  0606561
> E-Mail:  CHastings@lesserlawfirm.com
>             dholloway@lesserlawfirm.com

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINETEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MARTIN</u>   COUNTY, FLORIDA

<u>ALICIA BRAESE</u>
Plaintiff                                                                      Case # _____
                                                                               Judge _____

vs.
<u>HOLIDAY CVS LLC dba CVS PHARMACY INC</u>
Defendant

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

III.    **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
　　☐ Residential Evictions
　　☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**　　**REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**　　**NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

　1

**VI.**　　**IS THIS CASE A CLASS ACTION LAWSUIT?**
　　☐ yes
　　☒ no

**VII.**　　**HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
　　☒ no
　　☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**　　**IS JURY TRIAL DEMANDED IN COMPLAINT?**
　　☒ yes
　　☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Chad C. Hastings　　　　　Fla. Bar # 606561
　　　　　Attorney or party　　　　　　　　　　(Bar # if attorney)

Chad C. Hastings　　　　　　　　　09/21/2021
　(type or print name)　　　　　　　Date

- 3 -

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR MARTIN
COUNTY, FLORIDA

CASE NO.:

ALICIA BRAESE

      Plaintiff,

vs.

HOLIDAY CVS, L.L.C., (*dba* CVS
PHARMACY, INC.)

      Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ALICIA BRAESE by and through her undersigned attorney,

files this Complaint and sues Defendant, HOLIDAY CVS, L.L.C., (*dba* CVS PHARMACY,

INC,) (hereafter "CVS"), and alleges:

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1.     This is an action for damages in excess of THIRTY THOUSAND DOLLARS

($30,000.00), exclusive of costs and interests.

2.     At all times material hereto, Plaintiff, ALICIA BRAESE, has been a resident of

Martin County, Florida.

3.     At all times material hereto, Defendant, CVS, is a Florida profit corporation that

was doing business in Martin County, Florida.

4.     Defendant CVS operated a CVS pharmacy and retail store which was located at

2284 SE Federal Highway, in Stuart, Florida (hereinafter referred to as the "Premises").

5.     To the Plaintiffs knowledge and belief CVS was a franchise which was operated and managed by CVS Pharmacy, Inc., the national pharmacy retail store operation.

6.     Based on the Plaintiff's knowledge and belief, the subject CVS was required to follow the national CVS Pharmacy, Inc. risk management, maintenance and retail operation polices, procedures and training protocols.

7.     On October 1, 2019, ALICIA BRAESE was a business invitee at CVS where she was purchasing retail merchandise.  On said date, a CVS employee negligently crashed a tall merchandise stocking cart into ALCIIA BRASE causing her severe injuries.

8.     Jurisdiction and venue are proper with this Court as the incident occurred in Martin County, Florida.

### COUNT I:  NEGLIGENCE AGAINST HOLDAY CVS, LLC

Paragraphs 1 – 8 are hereby re-alleged and incorporated as though fully set forth herein.

9.     As the owner and occupier of the CVS, the Defendant, CVS, owed the Plaintiff, ALICIA BRAESE the following duties:

    a.     Maintain the premises in a reasonably safe condition;

    b.     Take reasonable efforts to keep the premises free from hidden and concealed dangers that might foreseeably give rise to loss, injury or damages;

    c.     Correct dangerous conditions;

    d.     Warn of the dangerous conditions;

    e.     Train employees to ensure they are not harming invitees by using stocking carts during regular business hours with invitees present;

f.      Use stocking carts that do not obstruct the view of employees restocking CVS shelves when invitees are present;

g.      Follow CVS and CVS Pharmacy, Inc. protocols for store safety;

h.      Follow CVS and CVS Pharmacy, Inc.. protocols for risk management;

i.      Follow CVS and CVS Pharmacy, Inc.. protocols for stocking shelves during regular business hours with invitees in the store; and

j.      Utilize and employ reasonable care when faced with all of the facts and circumstances aforementioned.

10.     Defendant, CVS, breached the aforementioned duties of care owed to the Plaintiff, including, but not limited to, failing to do the following:

a.      Maintain the premises in a reasonably safe condition;

b.      Take reasonable efforts to keep the premises free from hidden and concealed dangers that might foreseeably give rise to loss, injury or damages;

c.      Correct dangerous conditions;

d.      Warn of the dangerous conditions;

e.      Train employees to ensure they are not harming invitees by using stocking carts during regular business hours with invitees present;

f.      Use stocking carts that do not obstruct the view of employees restocking CVS shelves when invitees are present;

g.      Follow CVS and CVS Pharmacy, Inc. protocols for store safety;

h.      Follow CVS and CVS Pharmacy, Inc.. protocols for risk management; and

i.      Follow CVS and CVS Pharmacy, Inc.. protocols for stocking shelves during regular business hours with invitees in the store.

j.      Failing to prohibit customer use of the subject area where stocking carts were being moved by employees in an aisle;

k.      Failing to keep the area free from hazards that would harm the Plaintiff;

l.      Utilize and employ reasonable care when faced with all of the facts and circumstances aforementioned.

11.    Defendant knew of the negligent condition or it existed long enough so the Defendant should have discovered it in the exercise of due care.

12.    Alternatively, Defendant created the negligent condition; and the negligent condition created a foreseeable zone of risk posing a threat of harm to the Plaintiff.

13.    Defendant trained, had dominion over and was responsible for the actions and inactions of its employees. Defendant is vicariously liable for the actions and in actions of its employees, which have been described herein.

14.    As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past, loss of ability to earn money in the future, and aggravation or activation of a previously existing condition.  The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.  The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability.

WHEREFORE, the Plaintiff, ALICIA BRAESE demands judgment for damages against the Defendant, CVS, in an amount which is in excess of thirty thousand dollars ($30,000.00), interest and costs of the action.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ALICIA BRAESE, as a matter of right, demands a trial by jury on all issues so triable.

Dated on this 21st day of September 2021.

LESSER, LESSER, LANDY & SMITH, PLLC
Attorneys for Plaintiff
101 Northpoint Parkway
West Palm Beach, FL  33407
Telephone: (561) 655-2028
Facsimile: (561) 655-2033

/s/CHAD HASTINGS
CHAD HASTINGS, Esquire
FL Bar No.:  0606561
E-Mail:  CHastings@lesserlawfirm.com
               dholloway@lesserlawfirm.com

Filing # 134990451 E-Filed 09/21/2021 01:01:56 PM

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR MARTIN
COUNTY, FLORIDA

CASE NO.:

ALICIA BRAESE

       Plaintiff,

vs.

HOLIDAY CVS, L.L.C., (dba CVS
Pharmacy, Inc.)

       Defendant.

_____/

## S U M M O N S

THE STATE OF FLORIDA:

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

       YOU ARE HEREBY COMMANDED to serve this summons, a copy of the complaint in the above-styled cause upon the defendant:

HOLIDAY CVS, L.L.C., (dba CVS Pharmacy, Inc.)
c/o Registered Agent
C T Corporation System
1200 South Pine Island Road
Plantation, FL  33324

       Each defendant is hereby required to serve written defenses to said complaint on plaintiffs' attorney, whose name and address is:

Chad Hastings, Esquire
c/o Lesser, Lesser, Landy & Smith, PLLC
101 Northpoint Parkway
West Palm Beach, FL  33407
(561) 655-2028
Primary E-mail:  chastings@lesserlawfirm.com

Secondary E-Mail:  dholloway@lesserlawfirm.com
Attorneys for Plaintiff

within 20 days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiffs' attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

WITNESS my hand and the seal of said Court on _____, 20____.

CAROLYN TIMMANN
CLERK OF THE CIRCUIT COURT

BY: _____
As Deputy Clerk

(Court Seal)

13450

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER, MARTIN, OKEECHOBEE, AND ST. LUCIE COUNTIES
STATE OF FLORIDA

## ADMINISTRATIVE ORDER 2021-05

RE:   **CIVIL CASE MANAGEMENT AND RESOLUTION**

WHEREAS the Florida Supreme Court, in AOSC20-23, Amendment 12, has directed chief judges to maximize the resolution of cases; and

WHEREAS the chief judge must issue an administrative order applicable to each county within the Nineteenth Judicial Circuit that takes effect on April 30, 2021; and

WHEREAS the administrative order must require the presiding judge for each civil case to actively manage civil cases as specified by the Florida Supreme Court in AOSC20-23, Amendment 12;

THEREFORE, pursuant to the direction of the Florida Supreme Court and the authority of the chief judge under section 43.26, Florida Statutes, and Florida Rule of General Practice and Judicial Administration 2.215, it is hereby

ORDERED as follows:

I.     **Direction to Maximize the Resolution of Cases**

A. In accord with Section III.G. of AOSC20-23, Amendment 12, all judges of the Nineteenth Judicial Circuit are hereby directed to strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown.

B. Additionally, all attorneys practicing within the Nineteenth Judicial Circuit are directed to strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and that

1

the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case.

## II.   Applicability

For purposes of the Administrative Order and in accord with AOSC20-23, Amendment 12, "civil case" means actions to which the Florida Rules of Civil Procedure apply, as identified in Florida Rule of Civil Procedure 1.010, and actions in which the court has ordered that the action proceed under one or more of the Florida Rules of Civil Procedure pursuant to Florida Small Claims Rule 7.020(c) if the deadline for the trial date specified in Florida Small Claims Rule 7.090(d) no longer applies in the action, but does not include actions subject to section 51.011, Florida Statutes, post-judgment proceedings, and writs to which Florida Rule of Civil Procedure 1.630 applies.

## III.   Review and Determination of Case: Complex, Streamlined, or General

The presiding judge shall actively manage all civil cases and cause the cases to be identified and designated as complex, streamlined or general.

A. Complex cases are actions that have been or may be designated by court order as complex under Florida Rule of Civil Procedure 1.201. Upon such designation, the action shall proceed as provided in the rule.

B. Unless otherwise determined by the presiding judge, streamlined civil cases are uncontested cases, cases not entitled to jury trial, or cases where a jury trial is not demanded. However, all civil cases within the County Court jurisdiction shall be designated as streamlined cases unless otherwise determined by the presiding judge.

C. General cases are all other civil cases.

## IV.   The Case Management Order in Streamlined and General Cases

A. For each streamlined or general civil case, the Circuit and County Courts shall utilize a case management plan and order which shall include, at a minimum:

1. Deadlines for service of complaints, service under extensions, and adding new parties;

2. Deadlines to complete fact and expert discovery;

3. Deadlines for all objections to pleadings and pretrial motions to be resolved;

2

4. Deadline for mediation to have occurred;

5. Projected date of trial;

6. Indicate that deadlines will be strictly enforced by the court; and

7. Indicate that a firm trial date will be ordered by the presiding judge when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440, Setting Action for Trial.

For cases filed before April 30, 2021, the case management order must include the projected trial date and the deadlines listed above if the event has not already occurred or has not already been specified by a separate court order.

B. Issuance of Case Management Order

1. The party initiating the civil action shall serve a case management plan and order[1] with the summons and complaint. Template case management plans and orders for service on defendants and other forms shall be made available on the Clerks of Court websites and the webpages of individual judges. The case management plan and order must be submitted to the judge by the plaintiff for final approval no later than thirty days after the last defendant is served with the complaint.

2. If the case is subject to dismissal for 1) lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e) or 2) failure to appear at a case management conference pursuant to Florida Rule of Civil Procedure 1.200(a)&(c), then a case management order must be issued within 30 days after the Court determining that the case should remain pending.

3. If the case is subject to a statutory stay or a moratorium that prevents prosecution of the case, then a case management order shall be issued:

a. Cases filed on or after April 30, 2021: Within 45 days after the stay or the moratorium ends or within 30 days after service of the complaint on the last of all named defendants (whichever date is later); or

---

[1] A sample case management plan is attached to this Administrative Order as Attachment A. Each judge may adopt it or use it to create their own individualized order.

3

    b.    Cases filed before April 30, 2021: By December 3, 2021, within 45 days after the stay or the moratorium ends or within 30 days after service of the complaint on the last of all named defendants (whichever date is later).

4.    If the case is not subject to a statutory stay or a moratorium, then a case management order shall be issued:

    a.    Cases filed on or after April 30, 2021: Within 30 days after service of complaint on the last of all named defendants; or

    b.    Cases filed before April 30, 2021: By December 3, 2021.

C.  Maximum Deadline Periods for Streamlined Cases

Unless otherwise ordered upon good cause having been shown, the following deadline periods apply to streamlined cases:

1.    Deadlines for service of complaints, service under extensions, and adding new parties:  Service within 120 days of filing of the complaint unless an extension is granted, which extension shall not exceed 240 days from the date of filing of the complaint;

2.    Deadlines to complete fact and expert discovery:  Within 270 days after the complaint is filed;

3.    Deadlines for all objections to pleadings and pretrial motions to be resolved: Within 45 days after filing and prior to the pretrial conference;

4.    Deadline for mediation to have occurred:  Within 270 days after the complaint is filed; and

5.    Projected date of trial:  Within 12 months of filing of complaint.

D.  Maximum Deadline Periods for General Cases

Unless otherwise ordered upon good cause having been shown, the following deadline periods apply to general cases:

1.    Deadlines for service of complaints, service under extensions, and adding new parties:  Service within 120 days of filing of the complaint unless an

extension is granted, which extension shall not exceed 240 days from the date of filing of the complaint;

2. Deadlines to complete fact and expert discovery: Within 450 days after the complaint is filed;

3. Deadlines for all objections to pleadings and pretrial motions to be resolved: Within 45 days after filing and prior to the pretrial conference;

4. Deadline for mediation to have occurred: Within 450 days after the complaint is filed; and

6. Projected date of trial: Within 18 months of filing of the complaint.

**V.   Effective Date**

This Administrative Order shall be effective April 30, 2021.

DONE AND ORDERED this 23th day of April 2021 at Stuart in Martin County, Florida.

_Lawrence Mirman_

_____

LAWRENCE MIRMAN
CHIEF JUDGE

**ATTACHMENT A**

☐ IN THE COUNTY COURT IN AND FOR _____. COUNTY, FLORIDA

☐ IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR _____. COUNTY, FLORIDA

CASE NUMBER:

(Name)
Plaintiff,

v.

(Name)
Defendant.
_____/

<u>CIVIL CASE MANAGEMENT PLAN AND ORDER</u>

**TO BE SUBMITTED TO THE COURT FOR APPROVAL WITHIN 30 DAYS AFTER
DATE OF SERVICE ON THE LAST NAMED DEFENDANT**

Pursuant to Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B) and Florida Rule of Civil Procedure 1.440, the parties hereby submit the following Case Management Plan to the Court for approval.

I.   **Case Track Assignment** (check one): Case disposition times for all case tracks have been  established in accordance with the Florida Rules of General Practice and Judicial  Administration 2.250(a)(1)(B).

    ☐   <u>Streamlined Track </u>(Case resolved within 12 months without a jury trial or within jurisdiction of County Court.)

    ☐   <u>General Track </u>(Case resolved within 18 months with or without a jury trial.)

    ☐   <u>Complex Track </u>(Case resolved pursuant to Florida Rule of Civil Procedure 1.201,  with or without a jury trial).

6

## II.    Case Events and Deadlines

| Event | Maximum Deadline | | Agreed Dates |
|---|---|---|---|
| | Streamlined | General | |
| Service of complaints; under extensions; adding parties | Service within 120 days of filing of the complaint unless an extension is granted, which extension shall not exceed 240 days from the date of filing of the complaint | Service within 120 days of filing of the complaint unless an extension is granted, which extension shall not exceed 240 days from the date of filing of the complaint | |
| Fact and expert discovery complete | Within 270 days after complaint is filed | Within 450 days after complaint is filed | |
| Resolution of all objections to pleadings, pretrial motions | Within 45 days after filing and prior to the pretrial conference | Within 45 days after filing and prior to the pretrial conference | |
| Mediation occurred | within 270 days after the complaint is filed | within 450 days after the complaint is filed | |
| (Other events specified by judge) | | | |
| | | | |
| | | | |
| | | | |
| Projected Date of Trial (A firm trial date shall be ordered by the presiding judge when the case is at issue.  Fla. R. Civ. P. 1.440.) | | | |

## III.    Trial Information

| | |
|---|---|
| Estimated Length of Trial (specify number of trial days) | |
| Identification of Jury or Non-Jury Trial | |

**The schedule of deadlines herein will be strictly adhered to by the parties unless change is otherwise agreed to by the parties and approved by the court**.  The court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency nature or unavailability.  However, once the Civil Case Management Plan has been approved by the court, procrastination in completing discovery or the unavailability of counsel will not constitute good cause for a change to these deadlines. **The failure to abide by these**

7

**deadlines may result in sanctions by the court, including the award of attorney's fees, the striking of pleadings and/or a dismissal of the action.**

IV.    **Signature of Counsel or Unrepresented Parties**

_____          _____
Plaintiff's Counsel                                               Defendant's Counsel

Address                                                               Address

Phone                                                                 Phone

_____          _____
Plaintiff (if unrepresented by counsel)              Defendant (if unrepresented by counsel)

Address                                                               Address

Phone                                                                 Phone

### ORDER APPROVING CASE MANAGEMENT PLAN

THE COURT having reviewed the preceding Case Management Plan and finding it to be satisfactory, it is hereby

ORDERED that the Case Management Plan is approved and all parties shall abide by the terms herein.

DONE AND ORDERED in _____ County, Florida on _____ , 2021.

_____
CIRCUIT/COUNTY JUDGE

(Any attachments such as E-docket call form)

Service list: Per Clerk of Court E-Portal Service List

8

# Martin County Clerk of Circuit Court
## Martin County Receipt of Transaction
### Receipt #210030540

Carolyn Timmann
Clerk of the Circuit Court & Comptroller
Martin County, Florida

Created by: JWARD
Cashiered by:  JWARD
On: 09/21/2021   1:19 pm
Transaction # 1439519

Laura S Becker

101 Northpoint Parkway

West Palm Beach, FL 33407

| CaseNumber   21000950CAAXMX |
|---|

**Action:**

**Judge:**

**Received From:**   **Laura S Becker**

**101 Northpoint Parkway**

**West Palm Beach, FL 33407**

**On Behalf Of:**   **HOLIDAY CVS LLC DBA CVS PHARMACY INC**

**1200 SOUTH PINE ISLAND ROAD**

**PLANTATION, FL 33324**

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| NEW CIVIL FILING | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| EPORTAL SUMMONS $10.00 | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |
| **Grand Total** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

| PAYMENTS |
|---|

| Payment Type | Reference | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|
| E-PORTAL | | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |

SUB TOTAL $410.00
CONVENIENCE FEE $0.00
CREDIT CARD CHARGE $410.00
REMAINING BALANCE $0.00

I AGREE TO PAY THE ABOVE CREDIT CARD AMOUNT
ACCORDING TO ISSUER AGREEMENT INCLUDING
THE CREDIT IPASS CONVENIENCE FEE.

OK

134990451

| | | **410.00** | **0.00** | **0.00** | **0.00** | **410.00** |
|---|---|---|---|---|---|---|

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR MARTIN
COUNTY, FLORIDA

CASE NO.: 2021-950-CA

ALICIA BRAESE

      Plaintiff,

vs.

HOLIDAY CVS, L.L.C., (dba CVS
Pharmacy, Inc.)

      Defendant.

_____/

### S U M M O N S

THE STATE OF FLORIDA:

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

      YOU ARE HEREBY COMMANDED to serve this summons, a copy of the complaint in the above-styled cause upon the defendant:

HOLIDAY CVS, L.L.C., (dba CVS Pharmacy, Inc.)
c/o Registered Agent
C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

      Each defendant is hereby required to serve written defenses to said complaint on plaintiffs' attorney, whose name and address is:

Chad Hastings, Esquire
c/o Lesser, Lesser, Landy & Smith, PLLC
101 Northpoint Parkway
West Palm Beach, FL 33407
(561) 655-2028
Primary E-mail: chastings@lesserlawfirm.com

Secondary E-Mail:  dholloway@lesserlawfirm.com
Attorneys for Plaintiff

within 20 days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiffs' attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

WITNESS my hand and the seal of said Court on ___SEPTEMBER 21___, 20 _21_.

CAROLYN TIMMANN
CLERK OF THE CIRCUIT COURT

BY: _____
As Deputy Clerk

(Court Seal)

13450

If you are a person seeking, or are required to enter a courthouse facility please be aware of the following health/safety protocols:

Occupants of all Nineteenth Judicial Circuit courthouse facilities, whether vaccinated or unvaccinated, are recommended and encouraged to utilize face masks while in all areas of the facility.  If you would like to wear a face mask but are not in possession of one, a face mask will be provided to you at no cost.  Upon entry notify security, or the judge or presiding officer of the court you are attending, that you request a face mask and one will be provided to you at no cost.

## Florida Rules of Judicial Administration Rule 2.540 Notices to Persons With Disabilities

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Lisa DiLucente-Jaramillo, 250 NW Country Club Drive, Suite 217, Port St. Lucie, FL 34986, (772) 807-4370 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

SPANISH: Si usted es una persona discapacitada que necesita algún tipo de adecuación para poder participar de este procedimiento, usted tiene derecho a que se le ayude hasta cierto punto y sin costo alguno. Por favor comuníquese con Lisa DiLucente-Jaramillo, 250 NW Country Club Drive, Suite 217, Port St. Lucie, Fl. 34986, (772) 807-4370, al menos 7 días antes de su fecha de comparecencia o inmediatamente después de haber recibido esta notificación si faltan menos de 7 días para su cita en el tribunal. Si tiene discapacidad auditiva o de habla, llame al 711.

KREYOL: Si ou se yon moun ki andikape epi ou bezwen nenpòt akomodasyon pou ou ka patisipe nan pwosè sa-a, ou gen dwa, san ou pa gen pou-ou peye anyen, pou yo ba-ou yon seri de asistans. Tanpri kontakte Lisa DiLucente-Jaramillo, 250 NW Country Club Drive, Suite 217, Port St. Lucie FL 34986, (772) 807-4370 omwen 7 jou alavans jou ou gen pou-ou parèt nan tribunal-la, ouswa imedyatman kote ou resevwa notifikasyon-an si ke li mwens ke 7 jou; si ou soud ouswa bèbè, rele 711.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER, MARTIN, OKEECHOBEE, AND ST. LUCIE COUNTIES
STATE OF FLORIDA


## ADMINISTRATIVE ORDER 2021-05


RE:   **CIVIL CASE MANAGEMENT AND RESOLUTION**

WHEREAS the Florida Supreme Court, in AOSC20-23, Amendment 12, has directed chief judges to maximize the resolution of cases; and

WHEREAS the chief judge must issue an administrative order applicable to each county within the Nineteenth Judicial Circuit that takes effect on April 30, 2021; and

WHEREAS the administrative order must require the presiding judge for each civil case to actively manage civil cases as specified by the Florida Supreme Court in AOSC20-23, Amendment 12;

THEREFORE, pursuant to the direction of the Florida Supreme Court and the authority of the chief judge under section 43.26, Florida Statutes, and Florida Rule of General Practice and Judicial Administration 2.215, it is hereby

ORDERED as follows:

I.   **Direction to Maximize the Resolution of Cases**

   A.   In accord with Section III.G. of AOSC20-23, Amendment 12, all judges of the Nineteenth Judicial Circuit are hereby directed to strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown.

   B.   Additionally, all attorneys practicing within the Nineteenth Judicial Circuit are directed to strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and that

1

the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case.

## II.   Applicability

For purposes of the Administrative Order and in accord with AOSC20-23, Amendment 12, "civil case" means actions to which the Florida Rules of Civil Procedure apply, as identified in Florida Rule of Civil Procedure 1.010, and actions in which the court has ordered that the action proceed under one or more of the Florida Rules of Civil Procedure pursuant to Florida Small Claims Rule 7.020(c) if the deadline for the trial date specified in Florida Small Claims Rule 7.090(d) no longer applies in the action, but does not include actions subject to section 51.011, Florida Statutes, post-judgment proceedings, and writs to which Florida Rule of Civil Procedure 1.630 applies.

## III.   Review and Determination of Case: Complex, Streamlined, or General

The presiding judge shall actively manage all civil cases and cause the cases to be identified and designated as complex, streamlined or general.

A. Complex cases are actions that have been or may be designated by court order as complex under Florida Rule of Civil  Procedure 1.201.  Upon such designation, the action shall proceed  as provided in the rule.

B. Unless otherwise determined by the presiding judge,  streamlined civil cases are uncontested cases, cases not entitled to jury trial, or  cases where a jury trial is not demanded.   However, all civil cases within the County Court jurisdiction shall  be  designated  as  streamlined  cases  unless  otherwise determined by the presiding judge.

C. General cases are all other civil cases.

## IV.   The Case Management Order in Streamlined and General Cases

A. For each streamlined or general civil case, the Circuit and County Courts shall utilize a case management plan and order which shall include, at a minimum:

1. Deadlines for service of complaints, service under extensions, and adding new parties;

2. Deadlines to complete fact and expert discovery;

3. Deadlines for all objections to pleadings and pretrial motions to be resolved;

2

4.  Deadline for mediation to have occurred;

5.  Projected date of trial;

6.  Indicate that deadlines will be strictly enforced by the court; and

7.  Indicate that a firm trial date will be ordered by the presiding judge when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440, Setting Action for Trial.

For cases filed before April 30, 2021, the case management order must include the projected trial date and the deadlines listed above if the event has not already occurred or has not already been specified by a separate court order.

B.  Issuance of Case Management Order

1.  The party initiating the civil action shall serve a case management plan and order[1] with the summons and complaint.  Template case management plans and orders for service on defendants and other forms shall be made available on the Clerks of Court websites and the webpages of individual judges.  The case management plan and order must be submitted to the judge by the plaintiff for final approval no later than thirty days after the last defendant is served with the complaint.

2.  If the case is subject to dismissal for 1) lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e) or 2) failure to appear at a case management conference pursuant to Florida Rule of Civil Procedure 1.200(a)&(c), then a case management order must be issued within 30 days after the Court determining that the case should remain pending.

3.  If the case is subject to a statutory stay or a moratorium that prevents prosecution of the case, then a case management order shall be issued:

a.  Cases filed on or after April 30, 2021: Within 45 days after the stay or the moratorium ends or within 30 days after service of the complaint on the last of all named defendants (whichever date is later); or

---

[1] A sample case management plan is attached to this Administrative Order as Attachment A.  Each judge may adopt it or use it to create their own individualized order.

      b.    Cases filed before April 30, 2021: By December 3, 2021, within 45 days after the stay or the moratorium ends or within 30 days after service of the complaint on the last of all named defendants (whichever date is later).

4.  If the case is not subject to a statutory stay or a moratorium, then a case management order shall be issued:

      a.    Cases filed on or after April 30, 2021: Within 30 days after service of complaint on the last of all named defendants; or

      b.    Cases filed before April 30, 2021: By December 3, 2021.

C.  Maximum Deadline Periods for Streamlined Cases

Unless otherwise ordered upon good cause having been shown, the following deadline periods apply to streamlined cases:

1.  Deadlines for service of complaints, service under extensions, and adding new parties:  Service within 120 days of filing of the complaint unless an extension is granted, which extension shall not exceed 240 days from the date of filing of the complaint;

2.  Deadlines to complete fact and expert discovery:  Within 270 days after the complaint is filed;

3.  Deadlines for all objections to pleadings and pretrial motions to be resolved: Within 45 days after filing and prior to the pretrial conference;

4.  Deadline for mediation to have occurred:  Within 270 days after the complaint is filed; and

5.  Projected date of trial:  Within 12 months of filing of complaint.

D.  Maximum Deadline Periods for General Cases

Unless otherwise ordered upon good cause having been shown, the following deadline periods apply to general cases:

1.  Deadlines for service of complaints, service under extensions, and adding new parties:  Service within 120 days of filing of the complaint unless an

4

extension is granted, which extension shall not exceed 240 days from the date of filing of the complaint;

2. Deadlines to complete fact and expert discovery: Within 450 days after the complaint is filed;

3. Deadlines for all objections to pleadings and pretrial motions to be resolved: Within 45 days after filing and prior to the pretrial conference;

4. Deadline for mediation to have occurred: Within 450 days after the complaint is filed; and

6. Projected date of trial: Within 18 months of filing of the complaint.

**V.      Effective Date**

This Administrative Order shall be effective April 30, 2021.

DONE AND ORDERED this 23th day of April 2021 at Stuart in Martin County, Florida.

_Lawrence Mirman_

_____

LAWRENCE MIRMAN
CHIEF JUDGE

5

**ATTACHMENT A**

☐ IN THE COUNTY COURT IN AND FOR _____. COUNTY, FLORIDA

☐ IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR _____. COUNTY, FLORIDA

CASE NUMBER:

(Name)
Plaintiff,

v.

(Name)
Defendant.
_____/

CIVIL CASE MANAGEMENT PLAN AND ORDER

**TO BE SUBMITTED TO THE COURT FOR APPROVAL WITHIN 30 DAYS AFTER
DATE OF SERVICE ON THE LAST NAMED DEFENDANT**

Pursuant to Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B)
and Florida Rule of Civil Procedure 1.440, the parties hereby submit the following Case
Management Plan to the Court for approval.

I.   **Case Track Assignment** (check one): Case disposition times for all case tracks
     have been established in accordance with the Florida Rules of General Practice
     and Judicial Administration 2.250(a)(1)(B).

     ☐   Streamlined Track (Case resolved within 12 months without a jury trial or
         within jurisdiction of County Court.)

     ☐   General Track (Case resolved within 18 months with or without a jury
         trial.)

     ☐   Complex Track (Case resolved pursuant to Florida Rule of Civil
         Procedure 1.201, with or without a jury trial).

6

## II.    Case Events and Deadlines

| Event | Maximum Deadline | | Agreed Dates |
|---|---|---|---|
| | **Streamlined** | **General** | |
| Service of complaints; under extensions; adding parties | Service within 120 days of filing of the complaint unless an extension is granted, which extension shall not exceed 240 days from the date of filing of the complaint | Service within 120 days of filing of the complaint unless an extension is granted, which extension shall not exceed 240 days from the date of filing of the complaint | |
| Fact and expert discovery complete | Within 270 days after complaint is filed | Within 450 days after complaint is filed | |
| Resolution of all objections to pleadings, pretrial motions | Within 45 days after filing and prior to the pretrial conference | Within 45 days after filing and prior to the pretrial conference | |
| Mediation occurred | within 270 days after the complaint is filed | within 450 days after the complaint is filed | |
| (Other events specified by judge) | | | |
| | | | |
| | | | |
| | | | |
| Projected Date of Trial (A firm trial date shall be ordered by the presiding judge when the case is at issue.  Fla. R. Civ. P. 1.440.) | | | |

## III.    Trial Information

| | |
|---|---|
| Estimated Length of Trial (specify number of trial days) | |
| Identification of Jury or Non-Jury Trial | |

**The schedule of deadlines herein will be strictly adhered to by the parties unless change is otherwise agreed to by the parties and approved by the court.**  The court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency nature or unavailability.  However, once the Civil Case Management Plan has been approved by the court, procrastination in completing discovery or the unavailability of counsel will not constitute good cause for a change to these deadlines. **The failure to abide by these**

**deadlines may result in sanctions by the court, including the award of attorney's fees, the striking of pleadings and/or a dismissal of the action.**

IV.    **Signature of Counsel or Unrepresented Parties**

_____     _____
Plaintiff's Counsel                                      Defendant's Counsel
Address                                                        Address
Phone                                                          Phone

_____     _____
Plaintiff (if unrepresented by counsel)            Defendant (if unrepresented by counsel)
Address                                                        Address
Phone                                                          Phone

<u>ORDER APPROVING CASE MANAGEMENT PLAN</u>

THE COURT having reviewed the preceding Case Management Plan and finding it to be satisfactory, it is hereby

ORDERED that the Case Management Plan is approved and all parties shall abide by the terms herein.

DONE AND ORDERED in _____ County, Florida on _____ , 2021.


_____
CIRCUIT/COUNTY JUDGE


(Any attachments such as E-docket call form)

Service list: Per Clerk of Court E-Portal Service List

8

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR MARTIN
COUNTY, FLORIDA

CASE NO.: 432021CA000950CAAXMX

ALICIA BRAESE

       Plaintiff,

vs.

HOLIDAY CVS, L.L.C., (*dba* CVS
PHARMACY, INC.)

       Defendant(s).

_____/

## NOTICE OF FILING RETURN OF SERVICE

Plaintiff, ALICIA BRAESE, by and through her undersigned counsel, hereby gives notice

of filing the attached Return of Service on Defendant, HOLIDAY CVS, L.L.C., (*dba* CVS

PHARMACY, INC.)

Dated this 29th day of September 2021.

LESSER, LESSER, LANDY & SMITH, PLLC
Attorneys for Plaintiff(s)
101 Northpoint Parkway
West Palm Beach, FL 33407
Telephone: (561) 655-2028
Facsimile: (561) 655-2033

  s/Chad Hastings
_____
Chad Hastings, Esquire
FL Bar No.: 0606561
E-Mail:chastings@lesserlawfirm.com
      dholloway@lesserlawfirm.com

## <u>RETURN OF SERVICE</u>

| State of Florida | County of Martin | Circuit Court |
|---|---|---|

Case Number: 2021-950-CA

Plaintiff:
**ALICIA BRAESE**

CWO2021009983

vs.

Defendant:
**HOLIDAY CVS, L.L.C. (DBA CVS PHARMACY, INC.)**

For:
Chad C. Hastings, Esquire
LESSER LESSER LANDY & SMITH PLLC
101 Northpoint Parkway
West Palm Beach, FL 33407

Received by C.W. SERVICES & ASSOCIATES, INC. on the 24th day of September, 2021 at 11:47 am to be served on **HOLIDAY CVS, L.L.C., (DBA CVS PHARMACY, INC.), CT CORPORATION SYSTEM, REGISTERED AGENT, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**.

I, Jaime Cely, do hereby affirm that on the **27th day of September, 2021** at **11:15 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons, Administrative Order 2021-05, Civil Cover Sheet and Complaint** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** as **CT AGENT** for **HOLIDAY CVS, L.L.C., (DBA CVS PHARMACY, INC.)**, at the address of: **CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 57, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 135, Hair: Dark Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. Under Penalties of Perjury, I Declare I have Read the Foregoing Document and the Facts Stated in it are True. No Notary is Required Pursuant to Florida State Statute 92.525(2)

**Jaime Cely**
Process Server 708

**C.W. SERVICES & ASSOCIATES, INC.**
**4908 Grassleaf Drive**
**Palm Beach Gardens, FL 33418**
**(561) 630-4866**

Our Job Serial Number: CWO-2021009983

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1z

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR MARTIN
COUNTY, FLORIDA

CASE NO.: 432021CA000950CAAXMX

ALICIA BRAESE

        Plaintiff,

vs.

HOLIDAY CVS, L.L.C.,

        Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ALICIA BRAESE by and through her undersigned attorney, files this Complaint and sues Defendant, HOLIDAY CVS, L.L.C., (hereafter "CVS"), and alleges:

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1.      This is an action for damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs and interests.

2.      At all times material hereto, Plaintiff, ALICIA BRAESE, has been a resident of Martin County, Florida.

3.      At all times material hereto, Defendant, CVS, is a Florida profit corporation that was doing business in Martin County, Florida.

4.      Defendant CVS operated a CVS pharmacy and retail store which was located at 2284 SE Federal Highway, in Stuart, Florida (hereinafter referred to as the "Premises").

5.      To the Plaintiffs knowledge and belief CVS was a franchise which was operated and managed by CVS Pharmacy, Inc., the national pharmacy retail store operation.

6.     Based on the Plaintiff's knowledge and belief, the subject CVS was required to follow the national CVS Pharmacy, Inc. risk management, maintenance and retail operation polices, procedures and training protocols.

7.     On October 1, 2019, ALICIA BRAESE was a business invitee at CVS where she was purchasing retail merchandise.  On said date, a CVS employee negligently crashed a tall merchandise stocking cart into ALCIIA BRASE causing her severe injuries.

8.     Jurisdiction and venue are proper with this Court as the incident occurred in Martin County, Florida.

## COUNT I:  NEGLIGENCE AGAINST CVS

Paragraphs 1 – 8 are hereby re-alleged and incorporated as though fully set forth herein.

9.     As the owner and occupier of the CVS, the Defendant, CVS, owed the Plaintiff, ALICIA BRAESE the following duties:

a.     Maintain the premises in a reasonably safe condition;

b.     Take reasonable efforts to keep the premises free from hidden and concealed dangers that might foreseeably give rise to loss, injury or damages;

c.     Correct dangerous conditions;

d.     Warn of the dangerous conditions;

e.     Train employees to ensure they are not harming invitees by using stocking carts during regular business hours with invitees present;

f.     Use stocking carts that do not obstruct the view of employees restocking CVS shelves when invitees are present;

g.     Follow CVS and CVS Pharmacy, Inc. protocols for store safety;

2

      h.     Follow CVS and CVS Pharmacy, Inc.. protocols for risk management;

      i.      Follow CVS and CVS Pharmacy, Inc.. protocols for stocking shelves during regular business hours with invitees in the store; and

      j.      Utilize and employ reasonable care when faced with all of the facts and circumstances aforementioned.

10.     Defendant, CVS, breached the aforementioned duties of care owed to the Plaintiff, including, but not limited to, failing to do the following:

      a.     Maintain the premises in a reasonably safe condition;

      b.     Take reasonable efforts to keep the premises free from hidden and concealed dangers that might foreseeably give rise to loss, injury or damages;

      c.     Correct dangerous conditions;

      d.     Warn of the dangerous conditions;

      e.     Train employees to ensure they are not harming invitees by using stocking carts during regular business hours with invitees present;

      f.     Use stocking carts that do not obstruct the view of employees restocking CVS shelves when invitees are present;

      g.     Follow CVS and CVS Pharmacy, Inc. protocols for store safety;

      h.     Follow CVS and CVS Pharmacy, Inc.. protocols for risk management; and

      i.      Follow CVS and CVS Pharmacy, Inc.. protocols for stocking shelves during regular business hours with invitees in the store.

      j.      Failing to prohibit customer use of the subject area where stocking carts were being moved by employees in an aisle;

        k.      Failing to keep the area free from hazards that would harm the Plaintiff;

        l.      Utilize and employ reasonable care when faced with all of the facts and circumstances aforementioned.

11.     Defendant knew of the negligent condition or it existed long enough so the Defendant should have discovered it in the exercise of due care.

12.     Alternatively, Defendant created the negligent condition; and the negligent condition created a foreseeable zone of risk posing a threat of harm to the Plaintiff.

13.     Defendant trained, had dominion over and was responsible for the actions and inactions of its employees. Defendant is vicariously liable for the actions and in actions of its employees, which have been described herein.

14.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past, loss of ability to earn money in the future, and aggravation or activation of a previously existing condition.  The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.  The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability.

WHEREFORE, the Plaintiff, ALICIA BRAESE demands judgment for damages against the Defendant, CVS, in an amount which is in excess of thirty thousand dollars ($30,000.00), interest and costs of the action.

## DEMAND FOR JURY TRIAL

Plaintiff, ALICIA BRAESE, as a matter of right, demands a trial by jury on all issues so triable.

Dated on this 19TH day of October 2021.

> LESSER, LESSER, LANDY & SMITH, PLLC
> Attorneys for Plaintiff
> 101 Northpoint Parkway
> West Palm Beach, FL  33407
> Telephone: (561) 655-2028
> Facsimile: (561) 655-2033
>
> /s/CHAD HASTINGS
> CHAD HASTINGS, Esquire
> FL Bar No.:  0606561
> E-Mail:  CHastings@lesserlawfirm.com
>            dholloway@lesserlawfirm.com